1
2
3
4

Ameer Alghusain
1983 Flint Ave
San Jose, California 95148
Phone  (310) 926-9090
Email: ameer@amidac.com
In Pro Per

5
6
7
8

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

| | |
|---|---|
| Ameer Alghusain,<br><br>       Plaintiff,<br><br>vs.<br><br>Mike DeWine, Governor of Ohio<br>Ohio Attorney General<br>Thomas J. Stickrath<br>Buckingham, Doolittle & Burroughs LLC<br>Jason L. Nemeth,<br>Joseph L. Nemeth III,<br>Vinod "Vinny" K. Gupta,<br>Nita Gupta,<br>Dennis Cocco,<br>John Dearborn,<br>Ratanjit Sondhe,<br>Ohio Ethics Commission,<br>Ohio Turnpike Commission,<br>Quicken Loans LLC,<br>Lorain County Community College,<br>Ohio Department of Higher Education,<br>IGW Solutions LLC,<br>Lorain County Homebuyers LLC,<br>Edison Welding Institute<br>GexPro Rexel USA, Inc.<br><br>       Defendants | Case No.:<br><br># C 20 05175<br><br>## REVISED<br>## COMPLAINT FOR<br>**1. VIOLATIONS OF SECOND AND FOURTEEN AMENDMENTS TO THE US CONSTITUTION.**<br>**2. DISCRIMINATION**<br>**3. DISCRIMINATORY NEGLIGENCE**<br>**4. DISCRIMINATORY WRONGFUL EVICTION**<br>**5. NEGLECT TO APPLY OHIO LAWS BY OHIO STATE AGENCIES.**<br><br>**JURY TRIAL DEMANDED** |

28

1. VIOLATIONS OF SECOND AND FOURTEEN AMENDMENTS TO THE US CONSTITUTION. 2. DISCRIMINATION  3. DISCRIMINATORY NEGLIGENCE4. DISCRIMINATORY WRONGFUL EVICTION 5. NEGLECT TO APPLY OHIO LAWS BY OHIO STATE AGENCIES.          JURY TRIAL DEMANDED - 1

## INTRODUCTION

1.  This is an action for relief from violations by Defendants: Mike DeWine, Ohio Attorney General, Thomas J. Strickrath, Buckingham, Doolittle & Burroughs LLC, Jason L. Nemeth, Joseph L. Nemeth III, Vinod K. Gupta, Nita Gupta, Dennis Cocco, John Dearborn, Ratanjit Sondhe, Ohio Ethics Commission, Ohio Turnpike Commission, Quicken Loans LLC, Lorain County Community College, Ohio Department of Higher Education,  IGW Solutions LLC, Lorain County Homebuyers LLC, Edison Welding Institute and GexPro Rexel USA Inc, (collectively, "Defendants"), of the rights of Plaintiff Ameer Alghusain ("Plaintiff"). This action alleges personal injury, discriminatory negligence, wrongful eviction, discriminatory denial of state and federal funding, intimidation, theft of personal belongings, theft of intellectual property, illegal conversion of trade secrets, unfair enrichment and other discriminatory actions to deny Plaintiff state and federal rights he is entitled to under the law, and unlawful housing discrimination by the Defendants based on his national origin, religion, disability, and race, Middle Eastern.

2.  Plaintiff confirms that he was wrongfully evicted by Defendants from the house he was renting at 1338 West 11th Street, Lorain, Ohio 44052 on October 21, 2019, due to becoming disable because of an injury that occurred at this exact house in violation of The Fair Housing Act, 42 U.S.C. 3601, which prohibits discrimination by direct providers of housing, such as landlords and real estate companies as well as other entities, such as municipalities, banks or other lending institutions and homeowners

insurance companies whose discriminatory practices make housing unavailable to persons because of race or color, religion, sex, national origin, familial status, or disability. Now Plaintiff realized that his national origin and race are also other factors for being evicted wrongfully in addition to his disability. Plaintiff realized now that Defendants inability to gain access to his valuable trade secrets is also a factor for this wrongful eviction.

3.  Plaintiff now believes that the accident maybe was staged by Defendants, in a thug way, to weaken Plaintiff and his ability to work in the extreme nature of the railroad business. The Governor of Ohio runs the State of Ohio as a dictatorship and as a thug State. Plaintiff is shocked how a thug State, the State of Ohio, exists within the union of the United States of America. Governor Mike DeWine, with other Defendants tried to arrest Plaintiff and charge him with false crime, see exhibit U. Plaintiff then notified Defendants that the FBI are interviewing him regarding Defendants questionable actions, which is true, this deterred and stopped Defendants to try to arrest and charge Plaintiff with a false staged crime in fear of the FBI intervention. This pattern of intimidation and false charges has been implemented on another Victim, Michael W. Bradley, a key witness in this complaint.

4.  Plaintiff also complains that Lorain County Community College, a public education community college in the city of Elyria in Lorain County, Ohio that received state and federal funding has denied him access to, public benefit of, and business rental space at

Lorain County Community College Great Lakes Innovation and Development Enterprise Center, "GLIDE" because of Plaintiff religion, national origin, disability and race, Middle Eastern. Plaintiff also affirms that Lorain County Community College has evicted him from college campus in 2016 due to his race, religion, national origin, and his refusal to cooperate with a corrupt alliance by Defendants to defraud the state and the Federal Government.

5.  Now comes the Plaintiff, Ameer Alghusain, before this honorable court to file this complaint for more violations, discriminatory negligence, theft, violations of the US Constitution, specifically violations of the 2nd and 14th amendments to the US Constitution, and  wrongful eviction by Defendants from his house at 1338 West 11th Street, Lorain Ohio 44052. Plaintiff also complains about the denial of his Federal and State benefits and rights by Defendants that are guaranteed by the law. After Plaintiff had suffered a severe leg injury at the Defendants' rental house at 1338 West 11th Street, Lorain, Ohio 44052, Plaintiff incurred thousands of dollars in medical bills, please see exhibit I. After Plaintiff  became unable to work for many months following the accident, Defendants had no mercy but to prevent Plaintiff from entering his own house and Defendants prevented Plaintiff from collecting his cloths, his gun, his personal belongings, his furniture, his business records, his business prototypes, valuable welded rails invented by Plaintiff and his business partners in Dallas, Texas,  that was the first of its kind in the USA, and his pet, a cat, please see Exhibit 1A.

6. The Plaintiff has suffered emotionally and mentally. Plaintiff endured severe and continuous physical pain. Plaintiff suffered financially especially he had no medical insurance at the time. Plaintiff still suffers as of this day. In good faith, Plaintiff made many requests for fair and reasonable settlement with Defendants, but Defendants rejected and ignored all his requests, with no exception. Defendants have shown a deep-rooted hatred toward Plaintiff after his disability made him useless to them. Defendants called the Plaintiff "***The Fake American***" because he is a naturalized U.S. citizen and not born in the USA. Please see Exhibit A showing an email from the official business email account of one of the Defendants, Jason L Nemeth speaking on behalf of all Defendants.

**JURISDICTION**

7. This court has jurisdiction over this case based on 28 U.S. Code § 1332; Diversity of Citizenship, amount in controversary; costs and the requested relief is greater than $75,000. Defendants Jason L. Nemeth and his brother Joseph L. Nemeth III reside in the State of Ohio. Defendant IGW Solutions LLC, Doing Business As (DBA) InStore Finance, is a limited liability company formed and is operating under the laws of the State of Michigan with offices at Lorain County Community College in the State of Ohio. Defendants Vinod K. Gupta, Dennis Cocco, Ratanjit Sondhe and John Dearborn are residents of the State of Ohio. Lorain County Community College is a public State of Ohio higher education institute in Ohio and is part of Ohio Department of Higher Education system. Quicken Loans LLC is a limited liability company formed in the State of Michigan and is operating in all US States, with no exception.   Lorain County Homebuyers LLC is a limited liability company in the State of Ohio. Ohio Turnpike Commission and Ohio Ethics Commission are State of Ohio government agencies based in the capital of the State of Ohio, Columbus.  Plaintiff is a legal resident of Santa Clara County, California since 2017 and had a rental house in Ohio owned collectively by Defendants. Plaintiff is a railroad self-employed contractor and he used the house at 1338 West 11th Street, Lorain, Ohio 44052 to conduct his contracting railroad business while he was in the mid-west states. Defendant Governor Mike DeWine resides in the governor mansion in Ohio. Defendant, The Ohio Attorney General office is in Ohio, Thomas J. Stickrath resides in Ohio. Buckingham, Doolittle & Burroughs LLC is a law firm with headquarter office in Akron, Ohio. GexPro Rexel Holdings USA Corps. is a

multi-billion-dollar company based in Connecticut and has offices, nationwide in every state, with no exception. Edison Welding Institute is an institution in the state of Ohio.

8. This court has jurisdiction over this case under 28 U.S. Code § 1331. Federal question jurisdiction arises pursuant to U.S. Code 42 U.S.C. 3601.

9. This court has jurisdiction over this case because it evolves around losing a federally registered trademark with the United States Patent and Trademark Office (USPTO): QUIKWELD™, please see exhibit B1.

10. This court also has jurisdiction over this case because Defendant, Lorain County Community College, received and still receives federal funding and must comply with the Federal Civil Rights Act of 1964 and U.S. Code, Title 20: Education.

11. This court also has jurisdiction over this case because Lorain County Community College, Ohio Ethics Commission and Ohio Turnpike Commission are government agencies in the State of Ohio and must comply with federal and state laws, hence, a federal court is an appropriate jurisdiction for this complaint.

**VENUE**

12.  This venue is proper pursuant to 28 U.S.C § 1391 because Defendant Jason Nemeth and Plaintiff Ameer Alghusain entered into a verbal lease-to-own contract in Santa Clara County, California for a house located at 1338 West 11th Street, Lorain, Ohio 44052. This verbal contract was agreed-on by both Plaintiff Ameer Alghusain and Defendant Jason Nemeth when both were present together at Apple Park in Cupertino in Santa Clara County, California on May 7th, 2018. Please see Exhibit B showing Defendant Jason L. Nemeth in Plaintiff's Facebook post that confirms the location and the date.

13.  Also, this venue is proper pursuant to 28 U.S.C § 1391 because Plaintiff Ameer Alghusain finally realized on October 21, 2019 that the wrongful eviction from his Ohio house by Defendants and the theft of his belongings by Defendants have been concluded when Plaintiff Ameer Alghusain was in San Jose, Santa Clara County, California. Please see Exhibit D showing e-mails on October 21, 2019 and another e-mail on January 5th, 2020 stating to Plaintiff that he is not welcome at his own house and he has no stuff there.

14.  This venue is also proper because Defendant, IGW Solutions, DBA Instore Finance has always maintained a business and online operations in Santa Clara County, California as well as nationwide.

15. This venue is also proper because a substantial amount of the mental, emotional, physical and financial damages have been incurred when Plaintiff was in San Jose, Santa Clara County, California from the date of the notice of the wrongful eviction via e-mail from Defendants on October 21, 2019 until today. Please see Exhibit D.

16. This venue is also proper because the Defamation statements have been made while Plaintiff was in San Jose, Santa Clara County and one specific Defamation e-mail has been emailed to a resident of Santa Clara County, California, Mr. Carlton Loeber. Please see Exhibit H.

17. This venue is also proper because Defendant, Quicken Loans LLC has always maintained a business and online operations in Santa Clara County, California as well as nationwide in every state, with no exception.

18. This venue is also proper because Defendant, GexPro Rexel USA Inc has always maintained a business and online operations in Santa Clara County, California as well as nationwide in every state, with no exception.

19. This venue is also proper because Plaintiff no longer has access to his own house in the State of Ohio after the wrongful eviction date. Traveling to Ohio for a civil action will cause Plaintiff additional financial, emotional, mental, and physical hardship.

1. VIOLATIONS OF SECOND AND FOURTEEN AMENDMENTS TO THE US CONSTITUTION. 2. DISCRIMINATION  3. DISCRIMINATORY NEGLIGENCE4. DISCRIMINATORY WRONGFUL EVICTION 5. NEGLECT TO APPLY OHIO LAWS BY OHIO STATE AGENCIES.          JURY TRIAL DEMANDED - 9

20. This venue is also proper because Plaintiff has no faith in Ohio Judicial System because many State and county judges are friends with some of the Defendants. For example, Defendant Vinod K. Gupta previously contributed, and worked to run election campaigns for many State of Ohio officials, senators, judges, some of these officials and state judges are good friends with Defendant Vinod K. Gupta. Please see exhibit X showing a campaign to promote Mike DeWine to be the next governor of Ohio, where he won. Plaintiff believes, and Plaintiff has great faith in the US Constitution where Article III of the United States Constitution governs the appointment, tenure, and payment of Supreme Court justices, and federal circuit and district judges. These judges, often referred to as "Article III judges," are nominated by the president and confirmed by the U.S. Senate. Article III states that these judges "hold their office during good behavior," which means they have a lifetime appointment, except under very limited circumstances. Article III judges can be removed from office only through impeachment by the House of Representatives and conviction by the Senate. Article III judgeships are created by legislation enacted by Congress. Track authorized judgeships from 1789 to present. The Constitution also provides that judges' salaries cannot be reduced while they are in office. Article III judicial salaries are not affected by geography or length of tenure. Plaintiff has faith in the honorable US District Federal Judges and especially in the honorable judges who are presiding over cases outside the State of Ohio.

**PARTIES AND STATEMENT OF FACTS**

21. Plaintiff Ameer Alghusain is a naturalized citizen of The United States of America. Plaintiff was granted U.S. citizenship on October 21, 2011 by the order of a federal judge in the US. District Court, Northern District of Ohio, Cleveland Division.  Please see Exhibit 0A showing his Certificate of Naturalization, his US Passport, and a congratulation letter from the White House in Washington D.C. signed by the 44th President of the United States of America, former president Barack Obama.

22. Plaintiff Ameer Alghusain is a hard-working railroad contractor who wakes up at 4 am to perform maintenance work on railroad tracks and on trains, please see exhibit B8 showing plaintiff working on trains and tracks in various states across the US. In addition to his work in the field, Plaintiff Ameer Alghusain is the CEO of American Railways LLC, he is also an inventor and developer of innovative and disruptive railway welding, signaling and power products. Please see exhibit B2 showing Defendants, not Plaintiff, estimating his innovations will lead to a **$14.6 Billion** USD in revenue over time. Also please exhibit B10 showing his business cards and some of the products he invented and sold to the railroad market. Plaintiff can no longer work in the field as before due to his leg injury at the Defendant house.

23. The relationships between Defendants are complex, tend to have secrecy in nature and have been established over many years since 2005. Defendants in this complaint are a mix of State of Ohio officials, lawyers, large law firms, lobbyists, candidates for office,

campaign managers, private businesses, businessmen, business advisors, greedy corporations, and Ohio ethics law agencies with one common goal: to benefit each other, in a secret conspiracy nature. Every one of the Defendants serves and benefits the other Defendants using their position, either by being a State Official, a lawyer or by being an officer/owner of a private corporation, or both. The case of Defendant Vinod K. Gupta in one example of many. After Plaintiff collected evidences supporting his claim, he is very alarmed how these relationships existed for more than a decade in a law and order civilized society in the USA. Ohio Ethics Commission lacks the ethics itself. This neglect to apply and enforce the law have caused these relationships to exist, survive and thrive over time. Defendants, collectively, conspired to apply for state and federal funding and utilized these funds and benefits to themselves, to benefit their businesses, and to benefit their business partners. Defendants collectively defrauded various state and federal agencies and maneuvered public funding and benefits into their own private companies, directly, or indirectly. Defendants behind the scenes work together to deny anyone else available educational and funding opportunities that are equally available and guaranteed under the law to the public, and Defendants behind the scenes work together to limit or deny state and federal resources to anyone who is not part of  their secret alliance. This secret alliance is much worse than the KKK, at least in the State of Ohio. This is not fair to the public persons that are entitled to these benefits and rights under the law. The trial and discovery in this case will show how Defendants over 15 years of cooperation and coordination created a very-well-built network of illegal and unethical benefits and kickbacks. Defendants named in this complaint are the State of

Ohio officials' corruption that co-existed in harmony with the private companies' greed in Ohio, both always win. For example, Defendant Vinod K. Gupta is the current manager of the strategic partnerships of the Ohio Turnpike Commission, in an official capacity, and at the same time, Defendant Vinod K. Gupta runs his private infrastructure business, with other Defendants, in his personal capacity and he uses his access to government confidential information to win public contracts and bids with the Ohio Turnpike Commission and Ohio Department of Transportation where he has been appointed to serves the public people of Ohio.

24. Defendants Jason L. Nemeth and Joseph L. Nemeth III are brothers, referred to hereafter as "Defendants Brothers". Defendants Brothers with other Defendants, Vinod K. Gupta, Dennis Cocco, John Dearborn, Ratanjit Sondhe, Quicken Loans LLC, Lorain County Community College, Ohio Department of Higher Education, IGW Solutions LLC, Ohio Turnpike Commission, Ohio Ethics Commission, and Lorain County Homebuyers LLC, with no exception, co-own, co-fund, co-operate and have an interest in various for-profit Companies:  IGW Solutions LLC, American Rail LLC, American Rail Group LLC, Innow LLC, Advise & Connect LLC and in Lorain County Homebuyers LLC. The Defendants are engaged in real estate, infrastructure, conventional funding, and online finance businesses at the direction of an advisory board consisting of Defendants: Dennis Cocco, Jason Nemeth, Vinod K. Gupta, Ratanjit Sondhe and John Dearborn. Defendants, collectively use the Brothers trusted status as local natives of Lorain County, Ohio, to prey on new immigrants, poor people, newly naturalized US citizens, low-

income minorities, African Americans, and Hispanic renters in Lorain County, Ohio by providing these customers with cheaper than market rental rates, at hidden higher interest rates. However, the homes the Defendants buy, and rent are inadequate for human safe living in violation of the state and federal laws that govern housing. These homes are old, require major inspection and fixing. Defendants intentionally ignore the home inspection process and Defendants **DO NOT** own homeowner insurance policy on some or all the houses they own, sell, and rent in this poor county of Lorain, Ohio.

25. IGW Solutions LLC, doing business as InStore Finance is a Quicken Loan LLC Company, at least partially. This fact is stated by various emails sent by Senior Partner, Defendant, Jason L. Nemeth. The official business emails state at the end of each e-mail sent out that "***InStore is a Quicken Loans Family Company…..etc***". This statement is sent out with every official business email from Defendant Jason Nemeth's inbox, please see Exhibit J. Also, Quicken Loans LLC and IGW Solutions LLC have the same business registration address in the State of Michigan, this address is listed for both companies as: 40600 Ann Arbor Road E, Suite 201, Plymouth, Michigan 48170. IGW Solutions LLC also have an office space at the Quicken Loans Arena, owned by Defendant Quicken Loans LLC. The Quicken Loan Arena is the home of the Cleveland Cavaliers NBA basketball team located at 1 Center Court, Cleveland, Ohio 44115. These facts confirm that IGW Solutions LLC is indeed a Quicken Loans LLC Company, at least partially.

26. IGW Solutions LLC, doing business as InStore Finance, is also a Lorain County Community College for-profit portfolio company, at least partially. This fact is stated on Lorain County Community College GLIDE official website. Please see exhibit K.

27. IGW Solutions LLC and Lorain County Homebuyers LLC exchanged bank wire transfers between both companies and with other Defendants through Huntington National Bank in Cleveland, Ohio regarding buying, selling, and renting homes in Lorain County, Ohio. This fact was stated to Plaintiff by Defendant Jason L. Nemeth and by his brother, Defendant Joseph L. Nemeth III in the presence of Plaintiff at the rental house in early January 2019. The brothers also said at that time:" *We are all one company and one big alliance, and we have the support of the entire state"*.

28. The name "GLIDE" is a Lorain County Community College registered trade name in the State of Ohio, please see Exhibit L stating this published fact to the public on the official website of the Ohio Secretary of State. The **Great Lakes Innovation and Development Enterprise (GLIDE)** claims to help Northeast Ohio entrepreneurs wrap sound business practices around great business ideas. GLIDE also claim that the have experienced Entrepreneurs-in-Residence, such as Vinod K. Gupta, John Dearborn, Jason Nemeth and others to provide professional business assistance to companies at every stage of development and connect entrepreneurs with the tools and resources they need to succeed. This may seem true, until you do more research to notice minorities, disables and women DO NOT exist at all at this center, which did cost the State of Ohio

millions of dollars to build. Defendants maintained this space to always be 80% empty, so Defendants can enjoy the entire benefits of this state-funded center, just them and no one else who is not part of this corrupt alliance.

29. Companies American Rail Group LLC, American Rail, LLC, IGW Solutions, Innow LLC, Advise & Connect LLC and Instore Finance are co-owned by Jason L. Nemeth, Vinod K. Gupta, Ratanjit Sondhe, Dennis Cocco and John Dearborn. All these companies have the same exact business address at Lorain County Community College Entrepreneurship Center at 151 Innovation Drive, Elyria, Ohio 44035. They enjoy subsidized cost rent and other services and at almost no costs most of the time. See exhibit B4, showing as of August 7th, 2020, American Rail LLC has office address at 141 Innovation Drive, Elyria, Ohio 44035, a building within GLIDE center and situated next to 151 Innovation Drive, Elyria, Ohio 44035, please see exhibit B5 showing Plaintiff in this building before the wrongful eviction by Lorain County Community College at the direction of Defendant Vinod K. Gupta and Defendant Mike DeWine. Eviction has occurred around Plaintiff 36th birthday in February 2016

30. Vinod K. Gupta was the Chairman of The Ohio Board of Regents "OBR". OBR is the executive office of Ohio Department of Higher Education. Vinod K. Gupta has advised startup companies at Lorain County Community College Entrepreneurship Center, GLIDE. GLIDE is a government entrepreneurship center funded by federal and state resources via taxpayers, nationwide. Since 2011, Defendants Vinod K. Gupta, Dennis

Cocco and John Dearborn have advised, and they still advise Jason L. Nemeth at the Lorain County Community College Entrepreneurship center, GLIDE. Plaintiff believes that Defendants Dennis Cocco, John Dearborn, and Vinod K. Gupta have advised, and are still advising, the Brothers on business strategy and on how to allocate and use state and federal funding. Defendants, with no exception, maintain a legal business address for their business and activities at Lorain County Community College Entrepreneurship Center, GLIDE, on the college campus at 151 Innovation Drive, Elyria, Ohio 44035, Please see Exhibit P. Plaintiff also believes that Vinod K. Gupta, Ratanjit Sondhe, John Dearborn and Dennis Cocco have interest and ownership, directly or indirectly in IGW Solutions LLC and in Lorain County Homebuyers LLC and in various companies housed at Lorain County Community College campus like American Rail Group LLC, Innow LLC and Advise & Connect. Plaintiff believes that, Vinod K. Gupta and business partners John Dearborn and Ratanjit Sondhe play major roles behind the scenes in the operations of these companies. Because Vinod K. Gupta and Dennis Cocco are State of Ohio official employees, they **MUST NOT** have a conflict of interest per Ohio Ethics laws Chapter 102 and must file annual financial statement with the state. Ohio Ethics Commission had always denied Plaintiff Ameer Alghusain access to these public records under Ohio Revised Code Chapter 102: Public Officers- Ethics, see exhibit O. Vinod K. Gupta and Dennis Cocco **MUST** disclose any conflict of interest they have or may have within that annual year filling statues. Ohio Ethics Commission knew about these facts since at least 2016 but chose to ignore these laws in the State of Ohio to benefit and protect Defendants: Vinod K. Gupta and Dennis Cocco. This neglect is also

carried out by Ohio Turnpike Commission where Vinod K. Gupta is an active Officer of the agency. Ohio Ethics Commission, Lorain County Community College and Ohio Department of Higher Education have known about Vinod K. Gupta unethical practices for many years and chose to neglect these laws as well

31. Lorain County Community College, to be fair, was an outstanding and top quality higher education institution in the State of Ohio, however, their branch, GLIDE, is run by extreme racist and prejudice directors and advisors, such as Defendants: Dennis Cocco, John Dearborn, Vinod K. Gupta, Ratanjit Sondhe and others.

32. GLIDE, at the direction of Governor Mike DeWine, and with coordination with Defendant Vinod K. Gupta, directs, advises, funds, coordinates, and manages the business activities of IGW Solutions LLC, American Rail Group LLC and Lorain County Homebuyers LLC. GLIDE also owns interest in IGW Solutions LLC per their official website, please see Exhibits K and R. It is certain that Vinod K. Gupta and Dennis Cocco have a personal interest in IGW Solutions, in American Rail Group LLC and in Lorain Ohio Homebuyers LLC and other startup companies in clear violation of Ohio Ethics Laws, Ohio Revised Code 102: Public Officers- Ethics.

33. Plaintiff believes that Defendants, Dennis Cocco and Vinod K. Gupta have kickbacks, and other hidden illegal benefits from State and Federal funding programs. Defendants Ratanjit Sondhe and John Dearborn are long time business partners of Vinod K. Gupta

in many other ventures. Few of these companies of Defendants like INNOW LLC and Advise & Connect LLC are housed at Lorain County Community College **Rent Free** and have free access to many financial and business educational government benefits. Please see Exhibit P showing an e-mail sent to Tracy Green, the Vice President of Lorain County Community College from Vinny Gupta, CEO, of American Rail Corporation stating his company address is 151 Innovation Drive, Elyria, Ohio 44035, This is at the same time where Vinod K. Gupta was the Chairman of Ohio Board of Regents, please see exhibit N. Ohio Ethics Laws per Ohio Revised Code Chapter 102, prohibit such conflict of interest. When these matters were brought to Ohio Ethics Commission, the commission chose to neglect applying the laws in favor of their friend, Vinod K. Gupta. Please see Exhibit O showing an official letter issued by Ohio Ethics Commission and was sent to Plaintiff, this letter cleared Vinod K. Gupta from all unethical allegations. This letter of clearance that was issued by Ohio Ethics Commission has emboldened Defendant Vinod K. Gupta and all other Defendants to do more harm and damage to Plaintiff.

34. Defendant Vinod K. Gupta has always used and still, to this date, uses his official status as Ohio Public Officer to benefit himself and his business partners Ratanjit Sondhe, John Dearborn, Jason Nemeth and others and to benefit their businesses, one example of these companies is listed in Exhibit Q as American Rail Group LLC, also, housed at the Lorain County Community College where Defendant Jason Nemeth is listed as its incorporator, in close coordination with Vinod K. Gupta. Defendant Vinod K. Gupta is

the CEO of American Rail Group LLC and Ratanjit Sondhe is the Chairman of its board and John Dearborn is its manager.

35. In an article published by the Akron Beacon Journal, a reputable newspaper in Akron Ohio, please see Exhibit S showing this article, based on public records obtained under Ohio Revised Code 149.43, these public records show Defendant Vinod K. Gupta e-mails showing his support to the educational deal between the University of Akron and ITT Technical Institute. This deal is dead now after it caused millions of dollars in losses to the State of Ohio and after is displaced thousands of Ohio students to be stuck between dysfunctional college and the burden of paying back student loans. Defendant Vinod K. Gupta emails show how he "***works behind the scenes***" with the governor office at the 30th floor in Columbus, Ohio to "***Get Deals Done***". For example, Defendant Vinod Gupta, who led the nine-member board then advising the chancellor overseeing Ohio's higher education, described himself in the documents as "***quarterbacking***" the ITT deal.  The former Ohio Board of Regents chair sent some of his earliest advice to Scarborough (Scarborough is the former president of the University of Akron, in Akron, Ohio) in an email July 8, 2015, at 5:49 a.m.: "***To get the deal done",*** he wrote, ***"they needed to get Batchelder Co. "on board immediately***." Batchelder Co. was a fledgling Columbus-based lobbying and campaign consulting company founded months before by two former Ohio House aides and William G. Batchelder, a Medina County, Ohio Republican and power broker who served 38 years in the Ohio House, including his last three as speaker, before term limits forced him to retire in 2014. "***They have the muscle***

*to get it done,*", Defendant Vinod K. Gupta, who also lives in Medina County, Ohio, told Scarborough in the email. "***I can work with Batchelder behind the scenes***. ***We will need their help on the 30th floor***," a reference to the offices of former Ohio Governor, John Kasich. These statement were obtained under Ohio Public Records Laws to show this court the nature of the actions of Defendant Vinny K. Gupta and how he works behind the scene with the Ohio Department of Higher Education, private sectors and Ohio state agencies to create these fraudulent deals to benefit himself and his own interest and the interest of his business partners. Defendant Vinod K. Gupta never had the interest of the people of the State of Ohio in his heart. Plaintiff believes Vinod K. Gupta worked behind the scene to harm Plaintiff and all his businesses in coordination with the other Defendants. Plaintiff believes that Defendant Vinod K. Gupta is a tornado of destruction, anything Defendant Vinod K. Gupta gets involved in, fails, and causes harm to many people, like Plaintiff. Plaintiff also believes the news reporter and the Akron Beacon Journal, that published the article about Vinod K. Gupta and his questionable practices, have been intimidated, if proven in trial and discovery, this is a violation of the first amendment to the United States Constitution. Public records also show that Defendant Vinod K. Gupta had filed for bankruptcy in 2004, which explains somewhat his eagerness to try to get rich quick in a non-normal way, rather in these bad deals he had made in Ohio, and caused the State millions of dollars in losses.

36. Defendants Jason L. Nemeth, Vinod K. Gupta, Dennis Cocco, John Dearborn and Ratanjit Sondhe collectively have personal business addresses for various private

businesses at Lorain County Community College GLIDE center at extremely reduced subsidized costs, or no costs at all. These benefits under the law, must be equally available to Plaintiff, but he has been denied all these benefits. The actions of Defendants have harmed Plaintiff and harmed Plaintiff business ventures. Plaintiff was denied benefits and rights guaranteed under the law at Lorain County Community College campus based on his race, national origin, religion, and disability. Examples of companies owned by Defendants, that reside at the campus of Lorain County Community College at the GLIDE center are: IGW Solutions LLC, Instore Finance, American Rail LLC, American Rail Group LLC.

37. Plaintiff, Ameer Alghusain is a self-employed railroad contractor since 2010 who works at the railroad tracks maintenance nationwide. Plaintiff, Ameer Alghusain was befriended by Defendants: Jason L. Nemeth, Vinod K. Gupta, John Dearborn, Ratanjit Sondhe and Dennis Cocco to gain financial access to possible finance opportunities utilizing his business and entrepreneurship skills. Defendants used Plaintiff companies to obtain state and federal funding, to just keep these funds for themselves.

38. Defendant GexPro Rexel USA Inc is a multi-billion-dollar corporation with offices and operations in Cleveland and in every state nationwide, with no exception.

39. Defendant Edison Welding Institute is a part of Ohio Department of Higher Education and is registered as a non-profit organization in the State of Ohio. The organization was

founded in 1984 as part of Ohio State University and then Ohio Governor Richard Celeste initiative to establish the Thomas Edison Program, an initiative to establish the Edison Technology Excellence Centers within the State of Ohio, including a center for welding and rail research and development. Edison Welding Institute claims it operates independently and it names itself as one of the leading engineering and technology innovator for advanced manufacturing in North America.

40. Buckingham, Doolittle & Burroughs LLC describe their firm as business partners of their clients, please see exhibit B12 stating this fact.

41. Lawyers Jon Stefanik, Tara Rose and Justin Greenfield with other lawyers from Buckingham, Doolittle & Burroughs LLC law firm have conspired to work with Defendants behind the scene to defraud and forced Plaintiff into signing various shareholder legal agreements. Defendants presented INNOW LLC as a semi government agency and part of the State of Ohio Economic Development agency that will finance the purchase order in the amount of $1.8 Million USD and with the Help of GexPro, a large railroad supplier.

42. Plaintiff hired Buckingham, Doolittle & Burroughs LLC law firm to be his personal lawyers based on the recommendations of Lorain County Community College and at the same time to represent American Rail LLC. Buckingham, Doolittle & Burroughs LLC have violated client-lawyer confidentiality and leaked valuable and sensitive

information to Defendant Vinod K. Gupta, John Dearborn, Ratanjit Sondhe and other defendants. Please see exhibit B6 showing how sometimes the law firm Buckingham, Doolittle & Burroughs LLC sometimes copy Plaintiff on certain emails, and sometimes e-mail Defendants without copying Plaintiff in clear violation of legal malpractice laws in Ohio. At the trial and discovery, more e-mails will be shown to the court.

43. Defendants, Specifically GexPro and Defendant Edison Welding Institute and with the full coordination with Defendant Vinny Gupta and the Defendant Mike DeWine, collectively had pursued and wanted an entry to a **$14.6 Billion** new rail market in revenue with GexPro using Plaintiff skills, trademarks, trade secrets and patents-pending, please see Exhibit B2 shows an e-mail from Defendant Vinod K. Gupta stating to Defendant John Dearborn as follow:" **John, I did talk to Cliff. Planning to talk to Dennis…. We risk losing GexPro as partner (14.6B) in revenue, Gary Morgan, Director of Transportation at GexPro just called**". The B in the business world is a reference to **Billion**. Defendants with GexPro estimated a market with revenue of $**14.6 Billion** from Plaintiff trade secrets, patents pending, knowledge and trademarks and due to his race, Defendants deprived him from this opportunity, which now is thriving business for GexPro. Plaintiff estimates GexPro rail market sales growth now is in excess of $500 million due to his trade secrets, customer lists, trade secrets in the last 5 years and will eventually reach **$14.6 Billion** in revenue by 2030 due to the massive railroad infrastructure projects and federal funding to revive old railroad infrastructure in the nation.

44.  Defendants aggressively sought Plaintiff Ameer Alghusain small business back in 2016 as he has, in his mind, valuable novel trade secrets and valuable rail market knowledge and his company has been approved by some major US government Rail Agencies as an approved supplier. Defendants Vinny Gupta, Defendant GexPro and Defendant Edison Welding Institute with the blessing of Ohio Governor, Mike DeWine, then was an Ohio Attorney General who was seeking all the support and all the election campaign fundraising he can get from GexPro, Defendant Vinny Gupta, Defendant John Dearborn, Defendant Ratanjit Sondhe and from other Defendants, has conspired a secret plot to take this opportunity illegally from Plaintiff. In Exchange of supporting Mike DeWine in the election in 2018, Ohio Governor later, after he won the election, rewarded "Defendants Friends" with jobs, funding into their own businesses and gave them the legal advice and cover up against a small businessman like Plaintiff Ameer Alghusain.

45.  Defendants sought and wanted Plaintiff business, so they all plotted this well sophisticated, and of course, behind the scene, this scheme. Defendants used Jason Nemeth and Dennis Cocco, Susan Stanevich, secretary for GLIDE and Julie Thompson, operations coordinator to spy on Plaintiff and on his business activities, on his customers, on his progress and on his secrets and sent reported Plaintiff activities to Defendants. Please see exhibit B3 showing various e-mails from Susan Stanevich sent to Julie Thompson reporting to Vinny Gupta the Plaintiff activities. Both Susan Stanevich and Julie Thompson report to Defendant Dennis Cocco and Vinod K. Gupta, and both are employees of the State of Ohio at Lorain County Community College. One e-mail from

Susan Stanevich states to Defendants: ***I don't know if Vinny knows about this event or the payment***. Please see exhibit B3.

46. Defendant wanted Plaintiff business, but they did not want Plaintiff to be part of a very profitable and unique rail business partnership with GexPro. Defendants wanted Plaintiff out his own company that he founded at any cost. Plaintiff founded AMIDAC in 2009 and later founded American Rail Corp. in 2015 and grew the companies to be a multi-million-dollar value in just few years. Defendants wanted Plaintiff valuable customers lists, his trade name and his trademark QUIKWELD™ ( QUIKWELD™ once was federally registered as QUIKWELD® to Plaintiff with the United States and Trademark office and was later taken away from Plaintiff by force in a set up civil proceeding represented by the corrupt unethical law firm Buckingham, Doolittle & Burroughs LLC , and where the state judge was a good friend with Defendants. Plaintiff also lost pending patents applications and other business prototypes worth millions of dollars. Buckingham, Doolittle & Burroughs LLC were first the Plaintiff lawyers recommended to him in 2015 by Lorain County Community College and Vinod Gupta, various e-mail to be shown at the trial how and after the law firm Buckingham, Doolittle & Burroughs LLC was retained by Plaintiff, this law firm, unethically communicated with GexPro, Vinod Gupta and the Governor of Ohio, Mike DeWine, attorney general at that time, behind the scene and off line without the Plaintiff knowledge or consent. This hidden plot caused Plaintiff loss of Millions of Dollars in loss, caused him to lose a $1.8 Purchase Order Contract see exhibit Z, caused him to lose federal trademark and

pending patents worth millions of dollars. A business evaluation conducted by John Dearborn shows how Defendant John Dearborn valued the company of Plaintiff at extremely low value of just **$457,521** so Defendants can buy shares in the company at low unfair prices, please see exhibit B3 showing this business evaluation. John Dearborn, behind the scene, and that exact time, in coordination with Defendant Vinod K. Gupta, Defendant GexPro and other defendants valued this business opportunity to reach **$14.6 Billion** US dollars in revenue over time. This fact of potential revenue of **$14.6 Billion** was never communicated to plaintiff and was offline discussions with the lawyers and GexPro without even notifying Plaintiff of the business true value.

47. Defendants offered Plaintiff the opportunity to join this corrupt alliance and get rich quick, but Plaintiff has high ethics, integrity and Plaintiff promised to himself to never break any law. Plaintiff refused to cooperate. His refusal to cooperate caused the Defendants to plan this plot over 3 years to evict him, take his gun, steal his Ips and prototypes and evict his businesses and prevent him from entering Lorain County Community College so they can have the business for themselves.

48. Defendants GexPro in cooperation with Edison Welding Institute, under the guidance of the Governor of Ohio and Defendant Vinod K. Gupta tried to duplicate Plaintiff products by stealing some of his porotypes. Please see exhibit B2.

49. Plaintiff, after receiving the first multi-million dollar purchase order, on his own, please see exhibit Z, has set a large vision to his company, please see exhibit B7 showing Plaintiff proud moment post on LinkedIn stating his vision to his railroad colleagues on LinkedIn.

50. Defendants wanted this company to be their own but did not want Plaintiff to be part of this company he founded and grew to a multi-million dollars, on his own, and Plaintiff set his eyes on potential to reach Billions of US dollars in revenue over the next decade. Defendants: John Dearborn, Vinny Gupta, Ratanjit Sondhe, Dennis Cocco and Jason Nemeth told Plaintiff many times that a real American, must be appointed as CEO of his own company as condition to give him more state and federal funding and he should not be the CEO because he is young, has a thick accent and he is naive to grow this business. Plaintiff refused surrendering his title as founder, president, and CEO of his own company.

51. The Defendants, with no exception had dinners, meals and receptions at lavish restaurant and adult strip clubs in Columbus, Washington, D.C and other places, in the USA and in India, Dubai and other lavish places at the tax payers expenses, hidden well from public records laws, and protected by Ohio Ethics Commission and the Mike DeWine, the governor of Ohio.

52. Defendant Ratanjit Sondhe claims that he is an executive coach, author, speaker, and founder of various companies: such Discoverhelp and. Defendant Ratanjit Sondhe claims and defrauds students and business executives that he possesses extraordinary spiritual blend of real-world business experience coupled with rare insight into the human spirit, he inspires business leaders and individuals to successful transformation. Plaintiff believes that Ratanjit Sondhe and his companies are a fraud seeking financial compensation from new entrepreneurs in North East Ohio. Ratanjit Sondhe is the chairman of the board of American Rail Group LLC and he personally crusaded with Defendants to gain ownership and interest in Plaintiff companies. Defendant Ratanjit Sondhe also played major role in evicting Plaintiff, twice, once in 2016 and one in 2019.

53. Plaintiff when he was evicted in 2016 from Lorain county community college by Defendants, did not realize this big plot was the reason. He thought he is just not welcome to be at the campus of Lorain County Community College because his business failed naturally. Until he discovered later the real reasons.

54. Plaintiff obtained a $1.8 Million Purchase Order Contract please see exhibit Z, which accelerated the actions to remove Plaintiff and evict him in 2016 from Lorain County Community College as Defendants thought at that time that Plaintiff is no longer needed and they decided to deprive him from his rights and interest in the company that he founded and obtained this multi-million dollar contract. Defendants realized they are stuck with a purchase order contract worth $1.8 million dollar, but they do not have the

Plaintiff who is the chief engineer and the rail welding scientist to produce the contract. This contact is technically complex and without Plaintiff, no way Defendants can manufacture and produce this multi-million-dollar machine.

55. Mike DeWine, the current governor of Ohio since 2019 and prior to that he has been the Ohio Attorney General from 2011-2019, is the god father and protector of all defendants named in this case, with no exception. Please see Exhibit U, a public record Defendant Mike DeWine was forced to send to Plaintiff under Ohio Revised Code 149.43. This alarming e-mail show various emails exchanges between Mike DeWine, then, the Ohio Attorney General with Defendants Vinod K. Gupta, John Dearborn, and with Jon Stefanik, an attorney and partner of the law firm Buckingham, Doolittle & Burroughs LLC. Defendant Mike DeWine uses a personal e-mail address, **Mike@SilverDollarBaseball.com** and directs his state agencies officials: Thomas Stickrath, the Director of Ohio Department of Public Safety and James Ciotti, special agent in charge to benefit his/their friends, Vinny Gupta, John Dearborn and Jon Stefanik, to find a legal way to arrest and criminalize Plaintiff. One specific e-mail sent from Mike DeWine to his agencies and friends in the State offices clearly states:" ***My Friend Vinny Cell is (330) 338-5868***". Tom Stickrath writes back to the group saying "***I am reaching out to some of our people to see if anyone has relationship with the chief there***" in reference to the chief of police department in various cities in Ohio. Mike DeWine, who should legally advise all the people of Ohio equally under the law, become the private attorney for Defendants with no exception. Mike DeWine states in

one of his e-mails and says to his staff and friends at various state agencies: ***Whatever you think needs to be done please do it***". These emails and phone calls were regular between all defendants with no exception.

56. The Defendants equipped themselves with legal expertise, resources, relationship of both the state of Ohio and the private law firm, Defendant Buckingham, Doolittle & Burroughs LLC. Defendant Buckingham, Doolittle & Burroughs LLC has no regard to applying the law, they only benefit their friends over the client-attorney privileged relationship. Plaintiff in the trial will show how the firm, Defendant Buckingham, Doolittle & Burroughs LLC was his legal representation, while leaking his private information and weakness points to Defendants, with no exception see Exhibit B2. Defendant Buckingham, Doolittle & Burroughs LLC is a reputable law firm in Ohio, however, the actions of specific lawyers at that firm are questionable, unethical, and these actions harmed Plaintiff and his business. Many judges who were elected or, nominated or appointed by the Ohio system were lawyers at Defendant Buckingham, Doolittle & Burroughs LLC. It is very hard to win a case when the judge presiding over your case is a good friend with the law firm that is suing you.

57. Then, again, a new plot was planned by Defendants, this time through two individuals, Defendant Dennis Cocco and Defendant Jason Nemeth. The plot was to offer Plaintiff a rental house at one of Quick loans homes in Lorain and to move his business material

to that house. Plaintiff agreed because he still does not realize that this plan was suggested by other defendants.

58. Nita Gupta is the wife of Vinny Gupta; she is the veiling agent for some of Defendants companies and businesses to shield them from public records access laws per Ohio Revised Code 149.43. Please see exhibit Y showing Nita Gupta as the agent and incorporator of INNOW LLC and NITSA FUELS LLC, these businesses also have a place of business and address at Lorain County Community College. This is an advance planning by Defendants to have Nita Gupta name and not Vinod Gupta to avoid reporting financial statements and conflicts of interest per Ohio Revised Code 149.43.

59. The "Defendant Governor of Ohio" when he was elected Governor of Ohio returned the favor to his corrupt friends, he appointed Thomas J. Stickrath to be the Director of the Ohio Department of Public Safety in January 2019 and he also rewarded his "**friend**" Defendant Vinod K. Gupta with the position of Manager of Strategic Partnerships at the Ohio Turnpike Commission in May 2019, in an accelerated job interview with no published position or fair employment process in violation of Equal Opportunity Laws.

60. Defendant Vinod K. Gupta spends on himself and on his friends in the state of Ohio an average of $200 per day and more than $7,000 monthly, on meals and golf courses, private flights and fancy expensive Johnnie Walker scotch whisky using the tax payers money. This money comes to Defendant Vinod K. Gupta bank account in a very clever

way: Defendant Vinod K. Gupta promotes a local business to the State of Ohio, then other Defendants, officials in the State of Ohio, in coordination with Defendant Gupta and Defendant Dennis Cocco, invests in that business in the form of grants or subsidized services, then Defendant K. Gupta somehow become the CEO of that business with access to that business bank account. Then Defendant Vinod K. Gupta uses that cash to sponsor and promote election campaigns to keep, or help elect, that State of Ohio Official, and of course ALL defendants enjoy lavish lifestyle at the expense of taxpayers in Ohio and at the expense of taxpayers nationwide.

61. After Plaintiff returned to work on a railroad project in California in 2017, Defendant Jason Nemeth visited Plaintiff Ameer Alghusain on May 6th, 2018 and they both spent time exploring Silicon Valley business opportunities together. On this trip, Defendant Jason Nemeth offered Plaintiff Ameer Alghusain at the direction of Defendants a lease-to-own offer on the house at 1338 West 11th Street, Lorain Ohio 44052. Plaintiff Ameer Alghusain agreed as he expected he would have new upcoming contracts in Ohio and Michigan. See exhibit C showing utilities bills and rent payments paid by Plaintiff for the rental house at 1338 West 11th Street, Lorain, Ohio 44052.

62. Upon arrival to Ohio for a new railroad work in Ohio and Michigan, Plaintiff Ameer Alghusain occupied the rental house at 1338 West 11th Street, Lorain, Ohio 44052 on July 10, 2018. Plaintiff Ameer Alghusain has maintained his California residency and California driver license at all the time since 2017. Plaintiff Ameer Alghusain has paid

rent to Defendants plus he paid for utilities such as Electric and other bills like internet, see Exhibit C. Plaintiff paid Defendants the rent money in various forms such as cash, electronic transfer from both his personal and business accounts.

63. Plaintiff occupied the house when he was working in the nearby states. Plaintiff noticed major issues at the house, mainly weak wood, unstable balcony, unsafe stairs, weak beams, and other issues. Plaintiff informed Defendants from day one that the house needs major repairs. Defendant Jason L. Nemeth and his brother, Joseph L. Nemeth III assured Plaintiff that the house was inspected, and things will be fixed quickly. Defendants Jason L. Nemeth and his brother, Joseph L. Nemeth III told Plaintiff that they own homeowner insurance policy on the house. Plaintiff believes that "Defendants Brothers" have lied to him many times about fixing the house where in fact all they did was re-paint the wood to appear new. Plaintiff believes that Defendants Brothers have lied to him about homeowner insurance as well and Defendants never had homeowner insurance policy on that house, at least until the day of the injury.

64. On March 21, 2019 while Plaintiff and his girlfriend were enjoying some relaxing time at the jacuzzi at the backyard deck around 8 pm at the house at 1338 West 11th Street, Lorain, Ohio 44052, the accident happened when plaintiff tried to leave the jacuzzi. As plaintiff stepped out the jacuzzi, a piece of wood broke and the Plaintiff right leg fell through the broken wood and got trapped between the jacuzzi edge and the broken wood hole. Please see Exhibit E. Plaintiff states in this complaint to this court that pain was

the most painful pain he ever endured in his entire life. Then Plaintiff got out of the hole and went inside. Not much bleeding was noticed at first, but Plaintiff noticed his leg was swelling and was rapidly increasing. Doctors told Plaintiff at the hospital that he endured a severe internal bleeding and some of his nerves around the knee may be damaged for life, Plaintiff have more doctor appointments to follow up on his injury.

65. On March 23, 2019, the pain was so much to bear as the swollen leg turned red, blue, and black, from the right ankle up to the right thigh. Plaintiff had to go to the University Hospitals in Amherst, Ohio for treatment. Treatment continued for weeks and months after. See Exhibit F.

66. Plaintiff as of the date of the accident and injury became disable and lost earnings and business opportunities, this hardship lasted approximately for 6-8 months. Plaintiff has no medical insurance at that period and has incurred thousands of dollars in medical bills. Please see exhibit I.

67. Sadly, the romantic relationship between Plaintiff and his girlfriend, who was at the jacuzzi with plaintiff, ended due to this new disability. This has a severe impact on Plaintiff emotions. Plaintiff feared his disability will be permanent and will affect any future romantic relationship he may encounter later in life. Feeling disabled caused Plaintiff severe depression that he started to rely on heavy alcohol consumption to pass

time and overcome the pain since no reasonably priced prescribed medication was available to him with no health care insurance.

68. Defendants asked Jason Nemeth to keep close friendship with Plaintiff Ameer Alghusain hoping to know more about his business trade secrets, manufacturing processes and supplier info hoping they can fulfil this Purchase Order Contract in the amount of $1.8 million dollar. Plaintiff was clever and never gave Defendant Jason Nemeth any clue to any trade secret or how to build this machine worth $1.8 million dollar.

69. Defendant Jason Nemeth was persistent in asking Plaintiff Ameer Alghusain about his trade secrets, customers list, manufacturing processes, and other valuable business trade secrets. Plaintiff Ameer Alghusain started to question Defendant Jason Nemeth goal. Now he realized this plot is bigger than he thought.

70. In October 2019, Defendants started to lose patience with Plaintiff as he demanded medical bills to be paid by the homeowner insurance policy that Defendants Brothers claimed they have. Defendants while Plaintiff was in Wisconsin for railroad work in late October told him by phone that he is not welcome to come back to the house and that he has no stuff at the house.

71. Plaintiff was awarded the Innovation Fund of the Lorain County Community College by vote of independent citizens in Ohio for his business potential growth, see exhibit M showing the agreement between Lorain County Community College and AMIDAC, the plaintiff startup company. However, this contract was not fulfilled later in late 2019 by specific Defendants: Vinod K. Gupta and Dennis Cocco, Co-directors of GLIDE Center because of Plaintiff race, religion, disability, and national origin.

72. Plaintiff in 2016 was notified by his health care provider that his health care plan was cancelled by American Rail LLC, at the direction of Defendants Vinod K. Gupta, John Dearborn, Dennis Cocco and Ratanjit to add pressure on Plaintiff to surrender his IPs. Plaintiff was not able to obtain reasonable health care plan after that date until November 2020. In trial and discovery, plaintiff will show evidence of how Defendants cancelled hi health care plan and his key man insurance policy against his will and left him uninsured.

73. GLIDE in early October 2019 again denied Plaintiff access to the Lorain County Community College, GLIDE center (which is a public center paid for by Ohio Taxpayers and Federal funding to provide equal benefits to entrepreneurs in the North East of Ohio). GLIDE also, denied plaintiff office space for his business at that time, Plaintiff believes that these accelerated actions are coordinated efforts collectively by all Defendants due to his race, religion, and his new disability status. Plaintiff concluded that his new disability situation is not liked or favored by Defendants for various reasons,

such as Plaintiff  inability to pay rent, Plaintiff inability to work and earn income as before, Plaintiff inability to be the cause for new funding and his inability to benefit Defendants in many other ways, as he has done for many years. Defendants failure to access trade secrets and manufacturing process hidden in Plaintiff mind deemed Plaintiff no longer needed by them and they evicted him from his house and kept his gun, personal belongings and all business tools and valuable prototypes. Plaintiff lost federally registered trademark: QUIKWELD$^{®}$ and patent-pending and some trade secrets, but the most key trade secrets were kept locked in the plaintiff mind.

74. After the wrongful eviction occurred in October 2019, Plaintiff was shocked by these hard realities and drove non-stop, and by himself, from Whitewater in Wisconsin to his home in San Jose, California. This trip took Plaintiff more than 35 hours of driving over 3 nights and 4 days, and while Plaintiff was extremely unstable, very upset and extremely angry at the Defendants, this mood of driving was not safe. Plaintiff suffered on this trip and slept in his car sometimes. When Plaintiff arrived at his house in San Jose, Santa Clara County, California, in late October, Plaintiff realized that the wrongful eviction and the theft of his personal belongings are a reality confirmed again by an email sent by Defendant Jason L. Nemeth on October 21, 2019. Please see Exhibit D.

75. Plaintiff tried many times to settle this complaint with Defendants, but Defendants collectively refused to do so. Plaintiff tried many times to get his personal belongings and especially his gun from the Defendants with no luck. Defendants violated Plaintiff

rights under the Second Amendment to the United States Constitution that protects the right to keep and bear arms. Defendants have always denied his requests and did not allow him to return to his house to take his personal belongings, his gun, furniture, and business records/material. Plaintiff even offered Defendants a settlement offer where he would ship his personal belongings, furniture, and business records/material via FedEx or UPS at his own cost if they do not wish to see him, yet this last request was ignored. See exhibit G.

76. Upon arrival to his home in San Jose, California in late October 2019, and after Plaintiff new realities have settled in his mind for a few days, Plaintiff suffered severe depression, emotional and mental pain, thoughts of suicide and financial. Plaintiff lost various business opportunities due to his leg injury and due to this wrongful eviction until today.

77. Plaintiff business lost a confirmed purchase order in the amount of $1.8 Million USD by the collective actions of Defendants. Defendants evicted Plaintiff from his offices to steal this Purchase Order and keep its profits to themselves. See exbibit Z showing the purchase order the bank confirmation to finance it that Plaintiff obtained.

78. It is clear to Plaintiff that all Defendants have coordinated, crusaded, and acted in the violation of the law to harm Plaintiff and his businesses. Please see Exhibit V again affirming to Plaintiff in an e-mail that they are ""*ALL" been working*" together to arrest him in coordination with the Ohio Attorney General if he steps a foot in Ohio again.

79. Plaintiff is aware of many other victims who suffered same harm by same Defendants; Plaintiff in this complaint brings the matter of Michael W. Bradley before this court as one of his key witnesses that will testify in the trial. Mr. Bradley is not a party to this complaint. To show this court the systematic and coordinated discriminatory actions that are taken by Defendants, behind the scene, to deprive citizens and the people of their legal rights, and to harm people. This example shows the inequality in applying the state laws by the State of Ohio, especially by the Ohio Governor and Ohio Ethics Commission. Mr. Bradley is a disabled legally blind elderly citizen who resides in Akron Ohio, he is 66 years old and earns very low income. Mr. Bradley is under the poverty line defined by the state law. Mr. Bradley is a notary public in the State of Ohio. Mr. Bradley wished to run as a candidate for the Ohio Secretary of State, it is his right to do so. This was a laughing matter for Defendants. When Mr. Bradley registered to run for the office, the Defendants and Ohio Ethics Commission at the direction of the Governor of Ohio, Mike DeWine filed a criminal charge against him in Franklin County, Ohio. Mr. Bradley was charged by failure to fill a financial statement and pay $95 fee. Plaintiff wishes to show this honorable court how the Defendants here, especially the State of Ohio chose to apply the laws on the "poor and disable" who will not benefit Defendants. Defendants at the same exact time ignore applying the same laws on their rich and powerful friends and business partners. The Plaintiff questions the Defendants why Mr. Bradley has been charged with a criminal misdemeanor because he did not file a financial statement with the Ohio Ethics Commission and pay a $95 fee to the Ohio

Ethics Commission while Defendant Vinny K. Gupta has not been charged when Vinny Gupta did not file, or filed untrue financial statements and he has conflict of interest in contracts and businesses worth millions of Dollars. Why the Ohio Ethics Commission did not accommodate explain the law to a disabled citizen in violation of the Americans with Disability Act of 1990. Plaintiff will show in trial how Defendants criminalize their foes and ignore applying the law on their friends and partners. This is a violation of the 14th Amendment that guarantee all citizens to be treated equally under the same law. Please see Exhibit W showing an email from Mr. Bradley to Plaintiff Ameer Alghusain. Mr. Bradley now has a warrant for his arrest issued by Franklin County, Ohio at the direction of Ohio Ethics Commission.

## LAW AND ARGUMENT

80. The United States Constitution and the Amendments made to it are unique to the People of America. The founding fathers put a fundamental firm base for the constitution because they realized that America has people from various races, from various religions (or no religion at all) and from various national origins. The US Federal Codes and State laws were derived from the original constitution and have been modified over time to adjust to the American society changes and needs. These laws and codes were created to ensure all Americans enjoy same federal and state benefits with no discrimination whatsoever.

81. The Second Amendment to the United States Constitution states:

   *A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed.*

82. The State of Ohio, represented by the State of Ohio Official Agencies, Defendants: The Ohio Ethics Commission, Ohio Turnpike Commission and Ohio Department of Higher Education and by the action of Defendants Jason Nemeth and Vinod K. Gupta infringed Plaintiff right to keep and bear arms by denying him access to his gun, and by preventing him from keeping his gun. Plaintiff have begged Defendants many times to surrender his gun safely and legally to his friend in Ohio, a former FBI Agent, but Defendants refused and ignored his requests.

83. The Fourteenth Amendment to the United States Constitution, Section 1, states:

*"All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws"*

84. The State of Ohio, represented by the State of Ohio Official Agencies, Defendants: The Ohio Ethics Commission, Ohio Turnpike Commission and Ohio Department of Higher Education considered Plaintiff a "***Fake American***" and not a "**Citizen of The United States**", this is a clear violation of the Fourteenth Amendment to the United States Constitution, Section 1. which considers born and naturalized persons equal citizens of the United States.

85. The State of Ohio, represented by the State of Ohio Official Agencies, Defendants: The Ohio Ethics Commission, Ohio Turnpike Commission and Ohio Department of Higher Education deprived Plaintiff, a person, of his liberty to enter Lorain County Community College in Ohio, a public college, of his liberty to enter his own house without due process of law.

86. The State of Ohio, represented by the State of Ohio Official Agencies, Defendants: The Ohio Ethics Commission, Ohio Turnpike Commission and Ohio Department of Higher Education deprived Plaintiff, a person, of his properties, guns, cloths, pets, personal belongings and business records.

87. The State of Ohio, represented by the State of Ohio Official Agencies, Defendants: The Ohio Ethics Commission, Ohio Turnpike Commission and Ohio Department of Higher Education denied Plaintiff, a person, his equal protection of the laws, specifically the Civil Rights Act of 1964.

88. These civil rights acts and laws are clear, and this Complaint shows the Defendants clear and intended violation of many civil acts and laws, both on the federal and state levels.

89. Defendants, collectively, crusaded to violate Plaintiff's State and Federal rights guaranteed by the Constitution of the United States of America, by the amendments to the U.S. Constitution, and by The U.S. Civil Rights Act of 1964.

90. Defendants violated Plaintiff State and Federal rights guaranteed by The Fair Housing Act, 42 U.S.C. 3601, and by the Ohio revised code 4112.02 Unlawful Discriminatory Practices. They have denied Plaintiff access to his home due to his disability, race, religion, and national origin.

91. In Ohio, landlord-tenant relations and obligations are governed by the Ohio Landlord Tenant Act (Ohio Revised Code 5321) and by the Eviction statute (Ohio Revised Code 1923). Other laws are also applicable to the landlord-tenant relationship such as The Fair Housing Law and discrimination laws. Under Ohio Law, a property and housing owner has an obligation to maintain their premises and provide tenants with safe living conditions. Unfortunately, Defendants here tried to cut costs and left their property in an unsafe state of disrepair, specifically speaking of the common area where jacuzzi was placed and where the accident occurred. Plaintiff suffered a severe injury due to Defendants' neglect. Plaintiff incurred medical expenses, pain and suffering, lost earning, lost business opportunities and other damages.

92. Defamation in California, which consists of both libel and slander, is defined by California Civil Code §§ 44, 45a, and 46. The elements of a defamation claim are:

1. Publication of a statement of fact

2. That is false,

3. Unprivileged,

4. Has a natural tendency to injure or which causes "special damage," and,

5. The defendant's fault in publishing the statement amounted to at least negligence.

93. Publication, which may be written or oral, means communication to a third person who understands the Defamatory meaning of the statement and its application to the person

to whom reference is made. Publication need not be to the "public" at large; communication to a single individual other than the plaintiff is sufficient. Please see Exabit H showing various online emails and messages sent to mass recipients describing Plaintiff as, **"Fraud", "Investment Fraud",** and that Plaintiff **"Stole 500k from Vinny Gupta"**. Plaintiff declares to this honorable court that he has never been charged with a fraud crime and there are no criminal investigations into his business conduct that he is aware of.

94. Ohio Ethics Laws defined in Ohio Revised Code Chapter 102: Public Officers and the creation of Ohio Ethics Commission have been a great step toward justice and equality in Ohio, however, when the Ohio Ethics Commission itself lacks the ethics to investigate and recommend charges to the State Attorney, this neglect harms the interest of the general people like Plaintiff Ameer Alghusain, who suffered from the negligence of Ohio Ethics Commission during these events. Yet, to this date, Vinod K. Gupta and his business partners still have valid business addresses **Rent Free** at Lorain County Community College, in clear violation of Ohio Ethics Laws and in violation of Ohio Conflict of Interest statues. While Defendants, enjoy these federal and state benefits, Plaintiff was denied the exact benefits he is entitled to under Federal and State laws and civil acts.

95. Ohio Revised Code 149.43: Availability of public records for inspection and copying give the public to inspect public records kept by any public office, including, but not

limited to, state, county, city, village, township, and school district units, and records pertaining to the delivery of educational services by an alternative school in this state kept by the nonprofit or for-profit entity operating the alternative school pursuant to section 3313.533 of the Revised Code. Defendants collectively deleted, removed and altered public records. Defendants, the state of Ohio Agencies refused to allow Plaintiff access to certain records and replying to him: No Responsive Records were found.

96. Ohio Revised code 2923.32 prohibits corrupt actions, it is a criminal code. Defendants conduct and participation, directly and indirectly, in the enterprise, American Rail LLC, is a clear pattern of corrupt activities that deprived Plaintiff from interest and membership in American Rail, LLC, and other companies. An injury and harm have occurred to Plaintiff as the result of Defendants violation of Ohio Revised Code 2923.32, and Plaintiff is entitled for relief in a civil procedure under Ohio Revised Code 2923.34.

97. On June 25, 1941, President Roosevelt signed Executive Order 8802, which banned "discrimination in the employment of workers in defense industries or government because of race, creed, color, or national origin." At the same time, the Fair Employment Practices Committee (FEPC) was established to help enforce the order. Many years later, Equal Employment Opportunity Commission was established to guard and enforce this act. Defendant Vinny Gupta did not obtain his position as Manager of Strategic Partnerships at the Ohio Turnpike Commission, in clear violation of this act and this constitute discrimination against other candidates who may applied to this position, if any. This "**EZ**" job was obtained by referral by the Governor of Ohio,

"EZ" is a brand name for the Ohio Turnpike Commission. This violation of the law allowed Defendant Vinod Gupta to cause more damages to Plaintiff. The Ohio Turnpike Commission refused, and affirmed its refusal by its General Counsel to plaintiff 4 more ties in emails to be shown at the trial, to release public records requested by plaintiff that questioned how did Defendant Vinny Gupta obtained this position, how many candidates were in the selection process, did he even apply for this job, records for interview, qualification tests and other process and paperwork any other citizen would go through to secure this government position.

98. Plaintiff is entitled for damage recoverable under Ohio Revised Code 1333.63: Misappropriation, illegal transfer of fun, illegal conversion and illegal enrichment. Per Ohio Revised law,  In lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty that is equitable under the circumstances considering the loss to the complainant, the benefit to the misappropriator, or both, for a misappropriator's unauthorized disclosure or use of a trade secret. GexPro and Defendants benefited million of dollars from Plaintiff trade secrets, trademarks, logo, trade name, patent-pending and trade secret.

99. An attorney commits legal malpractice in Ohio when he or she fails to provide legal services to client that meet the minimum standard of care, this failure causes damages and harm to plaintiff like Ameer Alghusain. Through various evidences, e-mails show

that lawyers Jon Stefanik, Tara Rose, and Justin Greenfield with other lawyers from Buckingham, Doolittle & Burroughs LLC law firm have communicated with Defendants without the consent of Plaintiff and without his knowledge. lawyer Jon Stefanik e-mails show that a lawyer-client has existed between Buckingham, Doolittle & Burroughs LLC, and plaintiff, and the law firm Buckingham, Doolittle & Burroughs LLC breached this privileged trust and the duty to protect client Plaintiff Ameer Alghusain and these actions caused plaintiff harm and business damages in excess of millions of dollars.

100. The actions of Defendants in 2016 forced him to declare Chapter 13 bankruptcy, the case was dismissed later that year.

## STATUE OF LIMITATIONS AND COVID-19 IMPACT

101. Plaintiff affirms that this action is brought against all defendants as soon as he realized this big plot and connected all dots together, he finally knew this plot was confirmed to exist on October 2019, and this action is brought against all defendants within one year after finally discovering this plot.

102. Plaintiff affirms that this action is brought against Defendants, collectively, within the time allowed per Ohio Revised Code § 2305.10 (A): Bodily injury or injury to personal property, which is 2 years from the date of the injury.

103. Ohio law prohibits discrimination based on sex, race, color, religion, national origin, age, or ancestry. This statute authorizes a civil action and contains a one-year statute of limitations. The Discrimination action has occurred on or about October 2019 and plaintiff now realized these actions were occurring behind the scenes since 2016, Plaintiff is within the time allowed to bring this action. See Ohio Revise Code 4112.02.

104. Defendants violations of the rights of Plaintiff under the 2nd and 14th Amendments to the United States Constitution have occurred within the last 1 year. Plaintiff now realized these violations were occurring behind the scenes since at least 2016.

105. Plaintiff declares to this honorable court that if any statute of limitations timing had expired, that the delay in filing this case was beyond the Plaintiff control due to COVID-

19 and California Shelter in Place order issued by the State of California Public Health

Officer in March 2020. Plaintiff has anticipated to file this complaint in March 2020 but

the circumstances and court special local rules to close the court to limit/reduce the

spread of COVID 19, have all affected filing this case earlier.

**FIRST CLAIM FOR RELIEF**

VIOLATION OF THE SECOND AMENDMENT TO THE UNITED STATES

CONSTITUTION

106. The Second Amendment to the United States Constitution states: ***"A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed."*** The State of Ohio, represented by the State of Ohio Official Agencies, Defendants: The Ohio Ethics Commission, Ohio Turnpike Commission and Ohio Department of Higher Education and by the action of Defendants Jason Nemeth and Vinod K. Gupta infringed Plaintiff right under the Second Amendment to the United States Constitution to keep and bear arms by denying him access to his own gun, at his own house, and by preventing him from keeping his own gun. Plaintiff have begged Defendants many times to surrender his gun safely and legally to his friend in Ohio, a former FBI Agent, but Defendants refused and ignored his requests.

**SECOND CLAIM FOR RELIEF**

VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES

CONSTITUTION

107. The Fourteenth Amendment to the United States Constitution, Section 1, states: ***"All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens***

*of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."*

108. The State of Ohio, represented by the State of Ohio Official Agencies, Defendants: The Ohio Ethics Commission, Ohio Turnpike Commission and Ohio Department of Higher Education considered Plaintiff a "***Fake American***" and not a "**Citizen of The United States**". This is a violation of Plaintiff rights under the Fourteenth Amendment to the United States Constitution, Section 1., which considers born and naturalized persons equal Citizens of the United States.

109. The State of Ohio, represented by the State of Ohio Official Agencies, Defendants: The Ohio Ethics Commission, Ohio Turnpike Commission and Ohio Department of Higher Education deprived Plaintiff, a person, of his liberty to enter Lorain County Community College in Ohio, a public college, of his liberty to enter his own house without due process of law. This is a violation of Plaintiff rights under the Fourteenth Amendment to the United States Constitution, Section 1.

110. The State of Ohio, represented by the State of Ohio Official Agencies, Defendants: The Ohio Ethics Commission, Ohio Turnpike Commission and Ohio Department of Higher Education deprived Plaintiff, a person, of his properties, guns, cloths, pets, personal belongings and business records.

111. The State of Ohio, represented by the State of Ohio Official Agencies, Defendants: The Ohio Ethics Commission, Ohio Turnpike Commission and Ohio Department of Higher Education denied Plaintiff, a person, his equal protection of the laws, specifically the Civil Rights Act of 1964. This is a violation of Plaintiff rights under the Fourteenth Amendment to the United States Constitution, Section 1.

## THIRD CLAIM FOR RELIEF

VIOLATION OF US CIVIL RIGHTS ACT OF 1964

VIOLATION OF OHIO REVISED CODE 4112.02 UNLAWFUL

DISCRIMINATORY PRACTICES

112. Lorain County Community College told Plaintiff he cannot have an office space at GLIDE center, and he is not welcome to enter the LCCC campus, where GLIDE center is. Plaintiff will testify under Oath that this was conveyed to him by Jason N. Nemeth and Dennis Cocco sometime in early September 2019.

113. Plaintiff Ameer Alghusain won the Lorain County Community College Innovation Fund entrepreneurship program in the amount of $95,000 but was denied disbursement checks later in September 2019 by Lorain County Community College. See Exhibit M.

114. Lorain County Community College evicted Ameer Alghusain by force in 2017 from college campus and asked him to remove all his business items from Lorain County

Community College at the direction of The Governor of Ohio and Vinod K. Gupta and other Ohio agencies.

115. Defendants and specifically at Lorain County Community College entrepreneurship center, GLIDE, have denied plaintiff educational, training and entrepreneurship benefits that he is entitled to under the US. Civil Rights Act of 1964 and under Ohio Revised Code 4112.02 Unlawful Discrimination Practices.

116. Defendants clearly and collectively crusaded to deprive plaintiff from other rights under US Civil Rights Act of 1964. They have intentionally violated US. Civil Rights Act of 1964 and they also violated Ohio Revised Code 4112.02: Unlawful Discriminatory Practices.

**FOURTH CLAIM FOR RELIEF**

DISCRIMINATORY AND INTENDED NEGLECT

OHIO REVISED CODE § 2305.10 (A): BODILY INJURY

VIOLATION OF OHIO REVISED CODE 5321: LANDLORDS AND TENANTS

117. Defendants thought of Plaintiff Ameer Alghusain as a lower-class American Citizen, see exhibit A, they ignored his requests to repair the deck, stairs and the major beams of the house citing everything in the work. Plaintiff fell after a piece of wood between

the jacuzzi and deck broke, and his leg fell between them causing severe and painful pressure to his leg.

118. This is not a normal neglect; this neglect is an intended neglect by Defendants who have extreme hatred toward Plaintiff. This neglect occurred with discrimination in mind by Defendants that Plaintiff is a lower-class US citizen and he does not require a higher class of housing service, like themselves, a higher-class US citizen.

119. Defendants, collectively, intentionally, and clearly violated Ohio Revised Code 5321: Landlords and Tenants by neglecting the rental unit, ignoring Plaintiff request for reasonable and necessary repairs.

## FIFTH CLAIM FOR RELIEF

WRONGFUL EVICTION BASED ON DISCRIMINATION ON DISABILITY, RACE, RELIGION AND NATIONAL ORIGIN

VIOLATION OF THE FAIR HOUSING ACT, 42 U.S.C. 3601

VIOLATION OF OHIO REVISED CODE 4112.02 UNLAWFUL

DISCRIMINATORY PRACTICES

VIOLATION OF OHIO REVISED CODE 1923: FORCIBLE ENTRY AND

DETAINER

120. Defendants DID NOT go to proper court proceedings to evict Plaintiff in clear violation of Ohio Revised Codes § 1923.02 (A), 1923.04 and 1923.05, Defendants simply, and suddenly, told plaintiff NOT to come back to the house or to enter Lorain County Community College campus. Defendants collectively kept his furniture and belongings and took them for themselves against the will and the consent of Plaintiff. Some belongings represent religious and culture items that were thrown away such as Holy water from the site where Jesus was baptized in Middle East please see exhibit , cultural flag, books and more items that means a lot to Plaintiff spiritually and culturally. Valuable business records, trade secrets, customer lists and technical information have been taken by Defendants as well which caused Plaintiff loss of business opportunities.

121. Plaintiff believes the wrongful eviction was based mainly on the discrimination against being disable and unable to work and earn money as before the accident. Defendants collectively have benefited from Plaintiff businesses such as access to plaintiff business bank accounts, business loans, business travel and accommodation allowance, Plaintiff cars, Plaintiff government bids and more. Plaintiff can show how both Defendants Vinod K. Gupta and Jason N. Nemeth benefited from Plaintiff companies' business opportunities. Defendants used Plaintiff trademark: "American Rail™" without his consent, and still use his trade mark in commerce as of today, please see Exhibit Q showing Defendants company name as : American Rail Group LLC and showing Defendants Jason Nemeth as incorporator and also showing the registration address is Lorain County Community College address at 151 Innovation Drive, Elyria, Ohio

44035. Exhibit S shows an example of invoices in the amount of $27,540.00 billed to Massachusetts Bay Transportation Authority, a public government transportation agency in Boston, Massachusetts. This is one example of many how Defendants benefited from his businesses, his trademarks, and his skills in the railroad business. Payments have been made to a bank account controlled by Defendant, Jason L. Nemeth, at Chase Bank, please see Exhibit T showing New/Update Vendor Information form and W-9 Tax Form, also signed by Defendants Jason L. Nemeth on behalf of American Rail Group LLC, a company owned by Defendants in this complaint. Even after wrongful eviction of Plaintiff, Defendants still using Plaintiff knowledge, trademark, trade name that he owned since 2010. Please see exhibit B11 showing brochures Plaintiff saw at GexPro booth at the AREMA Railway tradeshow in 2016 using his trademark and trade name "American Rail" with GexPro Logo.

122. When Plaintiff seemed unable to work, and after 8 months of draining plaintiff savings, Defendants decided to wrongly evict Plaintiff as he seemed useless to them at that point.

123. Plaintiff also believes his race, origin, religion, and roots were collective factors for wrongful eviction when he no longer was able to provide benefits to Defendants such as business opportunities, loans, business cars such as F-150 and Camaro, free trips to Las Vegas and Los Angeles at the expense of Plaintiff and his businesses.

124. Defendants collectively, clearly, and intentionally violated Ohio Revised Code 5321: Landlord and Tenants., and Ohio Revised Code 1923: Forcible Entry and Detainer, The Eviction Process.

## SIXTH CLAIM FOR RELIEF

THEFT AND ILLEGAL POSSESSION OF PLAINTIFF PERSONAL

BELONGINGS AGAINST HIS WILL

VIOLATION OF OHIO REVISED CODE 2913.02: THEFT

125. By denying Plaintiff his personal belongings by Defendants after Plaintiff offered that he would pay for shipping costs from Ohio to California, Plaintiff believes this is a theft per Ohio Revised Code 2913.02 Theft. Since the value of the stolen goods from Plaintiff is considerably large, this may arise to a felony criminal charge. This complaint is civil in nature and not criminal; however, Plaintiff included this criminal violation of Ohio Revised Code 2913.02: Theft, in this complaint to show the extreme actions Defendants took to harm Plaintiff and to show this court the extreme hatred Defendants have toward Plaintiff.  Please see Exhibit D showing Defendants Jason L. Nemeth e-mail on January 5th, 2020, 2 months after the wrongful eviction stating to plaintiff in an email: "*You have no stuff here*"

126. Defendants, collectively, intentionally, and clearly violated a criminal law per Ohio Revised Code 2913.02: Theft. Defendants to this date still have Plaintiff's belongings

and furniture and Defendants have unauthorized access to valuable business material such as, trade secrets, patents idea, business cost analysis, and customer lists. The Defendants may have used, sold, discarded, and/or destroyed some or all of Plaintiff personal and business belongings.

## SEVENTH CLAIM FOR RELIEF

### DEFAMATION, LIBEL AND SLANDER

### VIOLATION OF CALIFORNIA CIVIL CODE §§ 44, 45A, AND 46

127. Defendants, collectively, made false statements about Plaintiff Ameer Alghusain, both verbally, via mass emails, and online. Few examples of these mass emails are shown in Exhibit H, one e-mail describes Plaintiff as an "**Investment Fraud**" and that Plaintiff "**stole $500k from (Vinny Gupta)**". These statements were published via mass e-mail with BCC (Blind Copy Tool in an E-mail system). These statements are false, untrue unprivileged, have a natural tendency to injure plaintiff. These statements have caused a "special damage," to plaintiff and plaintiff business, and the Defendants' fault in publishing the statement amounted to at least negligence.

128. These mass emails sent by Defendants harmed Plaintiff Ameer Alghusain business and personal reputation and may have caused customers not to do business with Plaintiff.

129. Defendants, collectively, intentionally, and clearly violated California Civil Code §§ 44, 45 and 46.  This violation harmed Plaintiff and plaintiff personal and business interests.

## EIGHTH CLAIM FOR RELIEF

VIOLATION OF OHIO ETHICS LAWS

VIOLATION OF OHIO REVISED CODE 102: PUBLIC OFFICERS- ETHICS

130. The Ohio Ethics Law, effective January 1, 1974, created new ethical standards for public officials and employees by: requiring personal financial disclosure; creating new restrictions upon unethical conduct with criminal sanctions; and establishing uniform review of ethics issues by statewide commissions of the three branches of government. The Commission has jurisdiction over Ohio's Executive Branch that is for all public officials and employees at the state and local levels of government, except legislators, judges, and their staffs.

131. The Ohio Ethics Commission, rather than applying these laws to conduct unbiased investigations, have ignored Plaintiff requests to disclose Defendant Vinod K. Gupta financial disclosure statements per the law. An official complaint was filed by Plaintiff against Vinod K. Gupta, but the Ohio Ethics Commission has cleared Mr. Vinod K. Gupta from these charges because Defendant Vinod K. Gupta is a good friend of the Ohio Ethics Commission Board.

132.    The Ohio Ethics Law promotes the general public interest and supports confidence by prohibiting public officials and employees, like Defendants Vinod K. Gupta and Dennis Cocco from:

1.  Participating in their public role in any action that involves the direct interests of the official, or those of a family member, or another with whom the official has an ongoing private business relationship;

2.  Authorizing, or using a public position to secure, a public contract or the investment of public funds in any security that benefits the official, a family member, or a business associate;

3.  Improperly profiting from a public contract;

4.  Soliciting or accepting substantial and improper things of value, including, outside employment or consultation fees, gifts, or travel, meals and lodging, from those dealing with the public agency;

5.  Unauthorized disclosure or use of information deemed confidential by law;

6.  Representing others before any public agency in a matter in which the official or employee was involved, both during, and for a period of time (at least one year) after, leaving public service.

133.The Ohio Ethics Commission does investigate public officials or employees who:

1.  Use his/her public position to benefit:

    a.  himself/herself, his/her family member or, his/her business associate

    b.  Award, discuss, or recommend public contracts in which any of the following has a financial interest:

    a.  The public official or employee

    b.  his/her family member or

    c.  his/her business associate

2.  Hire family members into public positions (commonly referred to as "nepotism")

3.  Engage in prohibited revolving-door/post-employment behaviors

4.  Solicit or accept substantial and improper things of value, including: outside employment, gifts, travel, meals, lodging, and entertainment

5.  Engage in the unauthorized disclosure or use of confidential information

6.  File false or incomplete Financial Disclosure Statements

7.  Receive improper supplemental compensation

8.  Misuse public equipment for private business

134. The Ohio Ethics Commission also may investigate anyone who:

1.  Provides substantial and improper things of value to public officials or employees, including outside employment, gifts, travel, meals, lodging, and entertainment

2.  Gives improper supplemental compensation to public officials or employees.

135. Vinod K. Gupta has used publicly funded programs, has a place of business for his personal business at Lorain County Community College at 151 Innovation Drive, Elyria,

Ohio 44035. This is clear conflict of interest that has been ignored intentionally by the Ohio Ethics Commission.

136. Vinod K. Gupta has benefited his business partners: Defendants Ratanjit Sondhe and John Dearborn for many years by having subsidized office space rent, free access conference rooms, free printing, and free business address at the campus of Lorain County Community College GLIDE center.

137. The Ohio Ethics Commission refused to disclose to Plaintiff Mr. Vinod K. Gupta financial disclosure statements that are guaranteed by the Law and per 149.43 Availability of public records for inspection and copying. These violations of Ohio Ethics laws and Ohio Revised Code 149.43 by Defendants Ohio Ethics Commission, Ohio Turnpike Commission and Ohio Department of Higher Education have harmed Plaintiff. Defendants, behind the scene, have made decision to block Plaintiff from accessing public records per Ohio laws. Defendants Jason Nemeth, Vinod K. Gupta, John Dearborn and Ratanjit Sondhe have enjoyed educational, entrepreneurship and subsidized services offered by Lorain County Community College while Plaintiff have been denied these benefits.

138. Still to date, with the knowledge of Ohio Ethics Commission, Defendants Jason Nemeth, Vinod K. Gupta, John Dearborn and Ratanjit Sondhe, have valid business addresses at

Lorain County Community College GLIDE center at 151 Innovation Drive, Elyria, Ohio 44035. See Exhibits R, K, P and Q.

139. Plaintiff suffered from the neglect to apply Ohio Ethics Laws and Ohio Revised Code Chapter 102 by the Ohio Ethics Commission.

140. Plaintiff suffered from Defendants Vinod K. Gupta, Lorain County Community College, Ohio Ethics Commission, Ohio Turnpike Commission due to failure to disclose a conflict of interest and refusal to disclose financial statement required by Ohio Revised Code 102.

141. Defendants, Ohio Ethics Commission, Lorain County Community College, Ohio Turnpike Commission and Ohio Department of Higher Education have violated Ohio Ethics Laws and Ohio Revised Code 102 by conspiracy to violate these laws and codes with Defendant Vinod K. Gupta for undisclosed benefits and side deals that benefited the directors and officers of these state of Ohio agencies. Not applying the law is harmful to the public and to the Plaintiff.

142. Defendants Vinod K. Gupta and Dennis Cocco violated Ohio Ethics Laws, Ohio Revised Code by NOT disclosing any conflict of interest at their required annual financial statements that are required by Ohio Ethics Laws. This violation harmed Plaintiff and plaintiff businesses. Defendant Ohio Ethics Commission declined to take

action to prevent Defendants Vinod K. Gupta and Dennis Cocco from having or owning any business at Lorain County Community College, which led to harm plaintiff as stated in the above claims for relief. The refusal of applying Ohio Ethics Laws by Defendants can be raised to a negligence that harmed Plaintiff.

143. Certainly, these serious violations of Ohio Ethics Commission have harmed Plaintiff and his businesses.

## NINTH CLAIM FOR RELIEF

VIOLATION OF OHIO REVISED CODE 149.43: AVAILABILITY OF PUBLIC RECORDS FOR INSPECTION AND COPYING

REFUSAL TO RELEASE SOME OR ALL OF REQUESTED RECORDS

144. Defendants, the Ohio Attorney General, Ohio Department of Higher Education, Lorain County Community College, Ohio Ethics Commission, Ohio Turnpike Commission refused to release public records, partially or fully after many reasonable requests have been made by Plaintiff, and Defendants made these records unavailable to Plaintiff, and Defendants denied Plaintiff access to inspect these records in violation of Ohio Revised Code 149.43: Availability of public records for inspection and copying. This violation kept this secret alliance of corrupt officials and greedy businessmen unveiled until now. This alliance plotted, conspired, and crusaded against Plaintiff and caused him irreparable harm, personally and for his business.

**TENTH CLAIM FOR RELIEF**

VIOLATION OF OHIO REVISED CODE 2923.32 ENGAGING IN PATTERN OF CORRUPT ACTIVITY WHICH AUTHORIZES A CIVIL PROCEEDING SEEKING RELIEF FROM ANY PERSON WHOSE CONDUCT CONSTITUTES CORRUPT ACTIVITY PER OHIO REVISED CODE 2923.32

145. Defendants conduct and participation, directly and indirectly, in the enterprise, American Rail LLC, is a clear pattern of corrupt activities that deprived Plaintiff from interest and membership in American Rail, LLC, and other companies. An injury and harm have occurred to Plaintiff as the result of Defendants violation of Ohio Revised Code 2923.32. Plaintiff is entitled for relief in a civil procedure under Ohio Revised Code 2923.34.

**ELEVENTH CLAIM FOR RELIEF**

EQUAL EMPLOYMENT OPPORTUNITY ACT

146. Defendants violated Civil Rights Laws and Statutes described in the civil right act of 1964 when they hired Defendant Vinod K. Gupta to be the manager of strategic partnerships at the Ohio Ethics Commission. Their violation of this act elevated Defendant Vinod K. Gupta to a position he did not ear or deserve with no proper employment process. This allowed Defendant K. Gupta to continue to crusade and plot against Plaintiff from this position which caused Plaintiff more damages and harm, personally and business wise.

**TWELFTH CLAIM FOR RELIEF**

VIOLATION OF OHIO UNIFORM TRADE SECRETS ACT OHIO REVISED CODE

§§1333.61 THROUGH 1333.69

OHIO REVISED CODE MISAPPROPRIATION: 1333.63 DAMAGES RECOVERABLE

147. Plaintiff is entitled for damage recoverable under Ohio Revised Code: Misappropriation, illegal transfer of fun, illegal conversion. Per Ohio Revised law,  In lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty that is equitable under the circumstances considering the loss to the complainant, the benefit to the misappropriator, or both, for a misappropriator's unauthorized disclosure or use of a trade secret. GexPro and Defendants benefited million of dollars from Plaintiff trade secrets, trademarks, logo, trade name, patent-pending and trade secret.

148. Plaintiff is entitled to Injunction against misappropriation; mandatory injunction under Ohio Revised Code § 1333.62.

(A) Actual or threatened misappropriation may be enjoined. Upon application to the court, an injunction shall be terminated when the trade secret has ceased to exist, unless the court finds that termination of the injunction is likely to provide a person

who committed an actual or threatened misappropriation with a resulting commercial advantage, in which case the injunction shall be continued for an additional reasonable time in order to eliminate commercial advantage that otherwise would be derived from the misappropriation.

(B) In exceptional circumstances, an injunction may condition future use upon payment of a reasonable royalty for no longer than the time for which use could have been prohibited. Exceptional circumstances include a material and prejudicial change of position prior to acquiring knowledge or reason to know of misappropriation that renders a prohibitive injunction inequitable.

(C) In appropriate circumstances, affirmative acts to protect a trade secret may be compelled by court order.

## THIRTEENTH CLAIM FOR ILLEGAL

VIOLATION OF OHIO DECEPTIVE TRADE PRACTICES ACT, R.C. § 4165.01 ET SEQ

149. The acts and conduct of Defendants in hijacking America Rail's trade secrets, patent-idea, trademarks, customer lists, relationships with suppliers and customers and utilizing Plaintiff knowledge and prior successful work in the rail industry constitute deceptive trade practices in violation of O.R.C. § 4165.02(A)(1); (2); (3); (9); and (10).

150. Defendant has knowingly committed said unfair deceptive and unconscionable acts and practices. As a direct and proximate result of Defendant's unfair, deceptive, unconscionable acts and practices, Ameer Alghusain and his business ventures have been irreparably damaged and will continue to be damaged in the future if said acts are allowed to be continued.

151. American Rail is likely to be irreparably damaged by the actions of Defendant and is entitled to injunctive relief based on the principals of equity and on the terms that the Court considers reasonable. Further, American Rail is entitled to reasonable attorney's fees since Defendant has willfully engaged in deceptive trade practices knowing these practices to be deceptive.

152. Defendants violated Civil Rights Laws and Statutes described in the civil right act of 1964 and by passing the Equal opportunities employment laws when they hired Defendant Vinod K. Gupta knowing he is not qualified, had long history of destroying businesses and entrepreneurs, and by offering him a short cut to be the Manager of Strategic Initiatives to the Ohio Turnpike Commission, have harmed, and still harms as of today, the Plaintiff and his business. Shall Ohio Turnpike Commission follow the ethics and equal employment opportunities, probably and more likely a qualified citizen would be taking this job, not Vinod K. Gupta. Vinod K. Gupta was appointed to this position by his friend and protector, Mike DeWine, the governor of Ohio. This job must go through internal and external publication, but Ohio Turnpike Commission denied the

benefit and job opportunity to good decent and qualified citizens of Ohio and harmed th

public and harmed Plaintiff.

## FOURTEENTH CLAIM FOR ILLEGAL

### OHIO REVISED CODE 2305.11 TIME LIMITATIONS FOR BRINGING CERTAIN ACTIONS

153. An attorney commits legal malpractice in Ohio when he or she fails to provide legal services to client that meet the minimum standard of care, this failure causes damages and harm to plaintiff like Ameer Alghusain. Through various evidences, e-mails show that lawyers Jon Stefanik, Tara Rose, and Justin Greenfield with other lawyers from Buckingham, Doolittle & Burroughs LLC law firm have communicated with Defendants without the consent of Plaintiff and without his knowledge. lawyer Jon Stefanik e-mails show that a lawyer-client has existed between Buckingham, Doolittle & Burroughs LLC, and plaintiff, and the law firm Buckingham, Doolittle & Burroughs LLC breached this privileged trust and the duty to protect client Plaintiff Ameer Alghusain and these actions caused plaintiff harm and business damages in excess of millions of dollars.

154. Ohio Revised Code 2305.11 provides that… an action for malpractice… shall be commenced within one year after the cause of action accrued. However, in Zimmie vs. Calfee Halter & Griswold, et al., 43 Ohio St. 3d 54 (1989), the Ohio Supreme Court

held that: under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run **when there is a cognizable event** whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. Per Ohio Revised code, a discovery of an alleged malpractice claim could take place even decades later.  This applies to this case as Defendants now realized that his own lawyers were part of the plot against him. Plaintiff is entitled for relief under Ohio Revised Code 2305.11 as this court deems appropriate.

## PERSONAL CLOSING STATEMENT

155. Plaintiff wishes to insert this personal closing statement to be an official part of this complaint proceedings before this honorable court:

*The physical pain was unbearable; however, it may heal over time. The financial hardships come and go, it also can be managed over time. I was able to heal from the physical pain even my leg does not feel like before, and it will never feel like before. I feel that my leg always has no nerve sense especially on my knee's inside and it still hurt now and then and is very sensitive on the actual wound where the wood broke into my flesh and bones. I also was able to manage my finances, and I am again trying to be a productive tax-paying citizen of USA and in this beautiful county, Santa Clara County and in this fair and just State, The Great State of California. I also still believe that Ohio is an equally great state, I love the people of Ohio because I went to graduate school there. Despite of all what has happened to me by these few Defendants named in this complaint, my love to that state will remain the same. I do hope this complaint, since it is a public record with this court and can be accessed by the good people there to initiate more actions to make a change in Ohio.*

*The mental and emotional pain will never go away, it will always increase day by day, it haunts me just to think; what the real American men like Jason L. Nemeth, who was born in USA, per his email in Exhibit A) actually think of me, of my race,*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*of my color, of my national origins, of my accent, and of my traditions and culture. What Defendants actually think of a disabled person, short term and long term, I may have realized now why veterans get treated poorly in America, it is, maybe, because they are considered disable: physically, emotionally, mentally and financially. As we saw the discrimination unfold lately, I feel alarmed for the discrimination that we may never see or prove, because the discriminated against maybe an elderly or a young child who are unable to speak for themselves. Few examples,(1) is it discriminatory for a teacher of one race to describe a child of another race of being stupid unfairly in school, how will that child feel?.(2) What if a nurse of one race physically abused an elderly of another race? What will we do to trace, prove and take an action?. The discrimination comes in all shapes, sizes, forms, and times, in Education, in employment, in healthcare, in housing, and in access to any benefit that the US constitution had protected for all equally. I will stand up with all discriminated- against people in this great country.*

*I have come to America to pursue the happiness, and I come to this country legally, I went to school, and I got my master's in electrical engineering and I got an executive business certificate from Harvard University. I paid my taxes since day one in USA 18 years ago and I became a US citizen by following a legal but a long path to citizenship.*

*I also wonder if I did not get injured, maybe I still will be used and abused by these Defendants who only cared about what I can do for them with my businesses. They never cared about me as a human or fellow American, they thought of me as a lower-class US citizen because I was not born in this country. The government agencies in Ohio thought of me as "Good" Statistics number of color/Minority so they can go obtain more federal funding, on behalf of me and using my business names, to only enrich their corrupt state officials. What the former Chairman of Ohio Board of regents and the current manager of Ohio Turnpike Commission, Mr. Vinod Gupta doing at private business building that he just funded a year ago with taxpayers' money? Should he have an office there for his infrastructure business and he still hold the job as State of Ohio official at the Ohio Turnpike doing Strategic Initiatives with his private business?.*

*Every time I felt depressed, I found one solution, to drink the pain away, and I drank more and more, I thought maybe drinking can make it easier to take my own life, but then I look at this small blue book that I always kept on me, anywhere I go, this book is the United State of America passport, a proof that I am one of the people of this nation regardless of what pain and damage these defendants, collectively, with no exception have caused me.*

1. VIOLATIONS OF SECOND AND FOURTEEN AMENDMENTS TO THE US CONSTITUTION. 2. DISCRIMINATION  3. DISCRIMINATORY NEGLIGENCE4. DISCRIMINATORY WRONGFUL EVICTION 5. NEGLECT TO APPLY OHIO LAWS BY OHIO STATE AGENCIES.        JURY TRIAL DEMANDED - 75

*Every time I look at the first few pages of the US Passport, I felt No, I will overcome this pain and I live a great life and I make this country a little more perfect, as much as I can, and I will need many more days to do that. So, I sang for myself:*

*O Say You*

*can see our flag was still there*

*O'er the land of the free and the home of the brave*



*And I then read page 1 in my US passport, it kept me reminded that* **government** *of the* **people**, *by the* **people**, *for the* **people**, *shall not perish from the earth*…… *I was born on February 12, 1980, and President Abraham Lincoln was born on the same exact day, February 12, in 1809, and President Lincoln is my political model.*

*And finally I read page 3, We the People of the United States, in Order to form a more perfect Union, establish Justice, ensure domestic Tranquility, provide for the common defence, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution for the United States of America.*



*This beautify blue book has saved my life.*

*I hope my complaint, at least, to move the people and the government of the people to reform guns laws, reform ethics and immigration laws. Time has come to do so.*

1. VIOLATIONS OF SECOND AND FOURTEEN AMENDMENTS TO THE US CONSTITUTION. 2. DISCRIMINATION 3. DISCRIMINATORY NEGLIGENCE4. DISCRIMINATORY WRONGFUL EVICTION 5. NEGLECT TO APPLY OHIO LAWS BY OHIO STATE AGENCIES.           JURY TRIAL DEMANDED - 77

*It is time to propose and ratify the 28th Amendment to the Constitution of the United States of America. I have drafted a proposal, I will show it during this trial, in an appropriate time when settlement is proposed by the State of Ohio.*

*We can't trust a gun in the wrong hand. Criminals, terrorists, and mentally unstable persons shall not bear and keep arms. Similarly, we can't trust a law that is exercised on us by a corrupt official. We can reduce and eliminate those who mean us harm, using a gun or by a corrupt official that uses our own law to harm us.*

*A president may have the white house for one term, maybe two terms of maximum of 8 years. Also, elected officials have limited terms in the office, but I have the United States of America forever with no term expiry. We have great laws in this country, we just must make sure they are exercised on us by officials with ethics, integrity, honesty, and loyalty to this country and to our constitution and to our laws.*

*I was able to stand up and defend my rights, but what about those vulnerable who can't, like Mr. Bradley. Who will stand for the rights of children, the elderly, disabled, our veterans or women in extreme fear or even an abused animal? Those can't stand up, and sometimes can't express their pain or suffering to us. Human rights are all the rights, women rights, children rights, elderly rights, disables*

*rights, veterans rights, and animals right, and they are all collectively our American Rights, because we are the best nation God put on earth and in the space.*

*If we allow Defendants behavior to continue to call me the FAKE AMERICAN, then they will be emboldened to call our disables and veterans DEFECTIVE AMERICANS. I will not allow that.*

*I also pray that the Congress will act swiftly and firmly on immigration reforms, we are not the nation that put innocent children in cages, how can we do so, and we are the land of the free.*

*I now realize that I lived more than half of my life in USA as discriminated-against, behind the scene and now publicly. I do remain hopeful and fully vested in America and in being an American regardless of the outcome of this rial. Thanks Ameer Alghusain.*

# REQUEST FOR RELIEF

156. Based on the above, the Plaintiff pray that this honorable court grant him:

1. Payment in the amount of $15,000 for medical bills plaintiff incurred as treatment to his leg and infections because of the accident, these payments can be made directly to the University Hospital in Amherst, Ohio and other doctors and medical centers that treated Plaintiff injury and the infections he had in his leg.

2. Payment of an estimated $100,000 for future medical bills for surgeries, future physical therapy expenses, and future needed treatments to his lost nerves in his leg.

3. An order to Surrender Plaintiff gun legally and safely to the US Marshal to return it to Plaintiff in California.

4. Compensation for lost earnings for 6 months after the accident at the rate of $9,000 per month, totaling $54,000.

5. Compensation for Plaintiff furniture, cloths, personal belongings, business material, business prototypes that he was prevented from taking from the rental house totaling $20,000.

6. Compensation for pain, stress and suffering which this honorable court may deem appropriate,

7. Compensation of $95,000 for the discriminatory denial of educational, training and entrepreneurship award of the Lorain County Community College Innovation Fund that Plaintiff has won and is entitled to, but he was denied access to later,

8. Payment in the amount of $1.8 Million USD for the lost confirmed purchase order contract because of the actions of Defendants, collectively. This lost Purchase Order is shown in Exhibit Z.

9. Compensation for the value of the stolen/illegally converted Trademark: QUIKWELD™, and a compensation for the lost patent-pending application, trade secrets and valuable business names and unpaid loyalty from GexPro Rail Market Sales for an amount to be determined by independent business valuation experts.

10. A permanent injunction per Ohio Revised Code 1333.62 to compel GexPro, Edison Welding Institute and all other defendants from using Plaintiff trade secrets, trademarks, trade names, pending patents and all other confidential information in the specific markets: Rail Welding, Rail Signaling, Rail Power Systems and Railway Grounding.

11. An order to order Defendants to pay court fees, legal costs, and all other proceeding costs associated with this complaint,

12. A civil restraining order against all Defendants,

13. Punitive Damages on all Defendants that this honorable court deem appropriate to punish the Defendant for these outrageous actions, and to preserve the law, to reform or deter the Defendant and others from engaging in conduct similar to that which formed the basis of the this lawsuit, and,

14. Any further relief which this honorable court may deem appropriate.

157. Plaintiff believes these violations are severe, and Plaintiff also believes his request for relief is reasonable.

## DECLARATION AND NO POLITICAL SPONSORSHIP

158. Plaintiff declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to best of his knowledge and that no political party or movements, lobbyists, political campaigns or an official of the United States have sponsored this lawsuit or paid for any cost related to it, directly or indirectly.

## DEMAND FOR JURY TRIAL

159. Plaintiff hereby requests a jury trial on all violations raised in this complaint

Respectfully Submitted

Date: 8/11/2020

Signed:

By: Ameer Alghusain

Plaintiff in Pro Per

1. VIOLATIONS OF SECOND AND FOURTEEN AMENDMENTS TO THE US CONSTITUTION. 2. DISCRIMINATION  3. DISCRIMINATORY NEGLIGENCE4. DISCRIMINATORY WRONGFUL EVICTION 5. NEGLECT TO APPLY OHIO LAWS BY OHIO STATE AGENCIES.          JURY TRIAL DEMANDED - 83